UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS V. WILDER, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GBG USA INC.,<br><br>*Defendant*. | Case No. 1:20-cv-11987-MLW |

## STATEMENT OF FACTS

1.      Plaintiffs Thomas V. Wilder and David J. Mallen (collectively, the "Landlord") are Trustees of the Newbury-284 Nominee Trust (the "Trust"). The Trust is a Massachusetts realty trust under Declaration of Trust dated November 7, 1996, and recorded with the Suffolk Registry of Deed at Book 21014, Page 156. Declaration of David J. Mallen in Support of Plaintiffs' Motion for Summary Judgment ¶ 1 ("Mallen Decl."); Complaint ¶¶ 1-2; Answer ¶¶ 1-2.

2.      The Trust holds title to certain property in Massachusetts, including a property located at 284 Newbury Street, Boston, Massachusetts (the "Premises"). Mallen Decl. ¶ 1; Compl. ¶ 1; Answer ¶ 1; Exhibit 1.

3.      Defendant GBG USA Inc. (formerly known as LF USA, Inc.) (the "Guarantor") is a corporation organized under the laws of the State of Delaware with its principal place of business at 350 Fifth Avenue, 10th Floor, New York, New York. Compl. ¶ 3; Answer ¶ 3.

4.      On or about August 31, 2012, Landlord and Frye Retail, LLC ("Tenant") entered into a lease (the "Lease") for the Premises. The term of the Lease ran through April 30, 2025. Exhibit 1; Mallen Decl.¶ 3; Compl. ¶ 6; Answer ¶ 6.

5.     On or about August 31, 2012, Defendant executed a guaranty to and for the benefit of Landlord (the "Guaranty"), whereby Defendant "unconditionally and absolutely personally guarantee[d] the full performance and observance of all the terms, covenants, conditions, and agreements contained in the Lease on the part of the Tenant to be performed and observed." Exhibit 2 at 1; Mallen Decl. ¶ 4; Compl. ¶ 7; Answer ¶ 7.

6.     Pursuant to Article 3 of the Lease, Tenant agreed to pay Landlord "Minimum Rent" as described in the Lease.  In addition, Tenant agreed to pay to Landlord its portion of annual "Real Estate Taxes," pursuant to Article 4 of the Lease, and "Operating Costs," pursuant to Article 5 of the Lease.  Taken together, all of these constitute Tenant's "Rent."  Exhibit 1 at 5-9; Compl. ¶ 8; Answer ¶ 8.

7.     Subsequent to the execution of the Lease and the Guaranty, Tenant took occupancy and began to operate a retail business at the Premises.  Mallen Decl. ¶ 5; Compl. ¶ 9; Answer ¶ 9.

8.     On or about May 2, 2019, Landlord and Tenant executed an Amendment of Lease (the "First Amendment").  Exhibit 3; Mallen Decl. ¶ 6; Compl. ¶ 10; Answer ¶ 10.

9.     Landlord and Tenant executed the First Amendment because Tenant wished to wind down operations of its retail business at the Premises before the end of the term of the Lease. Exhibit 3; Mallen Decl. ¶ 7.

10.    Tenant also planned to wind down operations at all of its other retail businesses nationwide.  Mallen Decl. ¶ 8.

11.    The First Amendment of Lease contains a "Confirmation of Guaranty" whereby Defendant consented to the amendment and "confirm[ed] the continuing applicability of said guaranty to the Lease." Exhibit 3 at 3; Compl. ¶ 10; Answer ¶ 10.

12.    Landlord sought to find a replacement tenant by listing the Premises as an available

opportunity and by engaging a national broker, CBRE, with extensive experience in the neighborhood where the Premises is located.  Mallen Decl. ¶ 9; Exhibit 4.

13. Tenant did not pay Rent in April 2020.  Mallen Decl. ¶ 10; Compl. ¶ 11; Answer ¶ 11.

14. Pursuant to written notice dated April 17, 2020, Tenant was notified that it was in default of its obligations under the Lease and that it had ten (10) days to cure its default.  Mallen Decl. ¶ 11; Compl. ¶ 12; Answer ¶ 12.

15. On or about April 23, 2020, Guarantor wrote to Landlord on Tenant's behalf and stated that Tenant was excused from performance of its obligations under the Lease due to the impact of COVID-19 and the governmental response thereto.  Defendant stated that "we have no alternative but to cease paying any rent during the time the Premises are closed."  Exhibit 5 at 1; Mallen Decl. ¶ 12; Compl. ¶ 13; Answer ¶ 13.

16. Tenant did not cure its default.  Mallen Decl. ¶¶ 10, 13-14; Compl. ¶¶ 11, 14-15; Answer ¶¶ 11, 14-15.

17. Tenant has not made any payments to Landlord since March 9, 2020.  Mallen Decl. ¶ 14; Compl. ¶ 15; Answer ¶ 15.

18. On or about August 31, 2020, Landlord and Tenant executed a second Amendment of Lease (the "Second Amendment").  Exhibit 6; Mallen Aff. ¶ 15; Compl. ¶ 16; Answer ¶ 16.

19. Landlord and Tenant executed the Second Amendment of the Lease because Tenant intended to abandon the Premises, and pursuant to the Second Amendment of the Lease Tenant surrendered the Premises to Landlord.  Exhibit 6; Exhibit 7; Mallen Decl. ¶ 16.

20. Landlord terminated the Lease pursuant to Section 11.1 of the Lease by written notice from Landlord to Tenant dated October 9, 2020, with a copy sent to Guarantor.  Exhibit 8;

Mallen Decl. ¶ 17; Compl. ¶ 18; Answer ¶ 18.

21. On October 9, 2020, Landlord sent a written demand for payment to Guarantor. In its written demand, Landlord notified Guarantor that it elected to receive liquidated final damages pursuant to Section 11.1.3(b) of the Lease and that the outstanding balance due under the Lease plus the liquidated final damages totaled $5,726,288.72, exclusive of Landlord's attorneys' fees and other expenses. Exhibit 9; Mallen Decl. ¶ 18; Compl. ¶ 22; Answer ¶ 22.

22. Guarantor did not respond to Landlord's October 9, 2020 written demand. Mallen Decl. ¶ 19; Compl. ¶ 23; Answer ¶ 23.

23. Guarantor has not made any payments to Landlord pursuant to the Guaranty. Mallen Decl. ¶ 20.

24. Landlord has made good faith efforts to find a new tenant for the Premises. Mallen Decl. ¶ 21.

25. On February 8, 2021, Landlord provided Guarantor with a revised calculation of damages that accounted for potential new tenants for the Premises, in the amount of $5,589,492.51, exclusive of Landlord's attorneys' fees and other expenses. Exhibit 10; Mallen Decl. ¶ 22.

Dated: March 16, 2021

THOMAS V. WILDER, as he is TRUSTEE OF THE NEWBURY-284 NOMINEE TRUST, and DAVID J. MALLEN, as he is TRUSTEE OF THE NEWBURY-284 NOMINEE TRUST

By their attorneys,

/s/ Vincent J. Pisegna
Vincent J. Pisegna, BBO No. 400560
Brian R. Richichi, BBO No. 706255
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue, 19th Floor
Boston, MA 02210
Phone: (617) 482-7211
Fax: (617) 482-7212
vpisegna@kb-law.com
brichichi@kb-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 16, 2021.

                                      /s/ Brian R. Richichi
                                      Brian R. Richichi, BBO# 706255

3749\0001\691372.1