UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS V. WILDER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GBG USA INC., <br><br> *Defendant*. | Case No. 1:20-cv-11987-MLW |

**REPLY IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Thomas V. Wilder, as he is Trustee of the Newbury-284 Nominee Trust, and David J. Mallen, as he is Trustee of the Newbury-284 Nominee Trust (collectively, "Landlord"), hereby submit this memorandum in support of Plaintiffs' Motion for Summary Judgment ("Motion").

Defendant GBG USA Inc. ("Guarantor") is seeking to delay this proceeding and avoid, if only for the moment, the inescapable conclusion that it must fulfill its obligation to guarantee the performance of Landlord's former tenant. There is no dispute regarding the validity of the documents at issue or the meaning of the relevant provisions. See ECF No. 24 at 1-5 (Landlord's memorandum of law); ECF No. 31 at 2-3 (Guarantor's response brief). Rather, Guarantor attempts to avoid this point by putting forward a hybrid memorandum—titled Response to Plaintiffs' Motion for Summary Judgment ("Response")—that appears to be some combination of motion pursuant to Fed. R. Civ. P. 56(d) and opposition to Landlord's Motion, based on the claim that Landlord failed to engage in good faith efforts to find a replacement tenant and that the Motion

1

must be stayed pursuant to Fed. R. Civ. P. 56(d) so that Guarantor can conduct months of discovery.

The Response selectively addresses Landlord's arguments in favor of summary judgment, see ECF No. 31 at 5-8, while also claiming that it cannot respond to Landlord's Motion until it has conducted extensive discovery. Guarantor concludes by seeking permission for a second bite at the apple if the Court declines to grant a stay; having failed to produce any substantive reason why the Motion is not now ripe for decision on its first attempt, Guarantor requests that the Court allow it to prepare a second memorandum opposing the Motion, which would necessitate time for Landlord to prepare a second reply brief in response. See ECF No. 31 at 16. In short, Guarantor asks the Court to decide between delaying resolution of this matter for a few months to, at most, the fall of this year.

Guarantor's Response is without basis, regardless of how the Court view the memorandum, and its request for a stay of the Motion until it has completed discovery should be denied for three reasons—all of which also highlight why the Court should grant Plaintiffs' Motion.

***First***, Guarantor's Response is based on nothing more than speculation. Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, ***for specified reasons***, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." It offers no support for its claim that, "[d]espite its contractual obligation, Landlord failed to take commercially reasonable steps to re-let the premises." ECF No. 31 at 1. Guarantor specifies nothing in its Response other than that its counsel has served extensive requests for documents and interrogatories as well as a third party subpoena, and intends to conduct ten depositions regarding "Landlord's efforts to find a replacement tenant and mitigate its

2

damages." ECF No. 31 at 10; id. at 10-15.  Yet nowhere in the declaration submitted in support of the Response does Guarantor's counsel attest to any facts whatsoever that indicate there is reason to believe Landlord failed to engage in good faith efforts to find a replacement tenant.  See ECF No. 32 (declaration of Guarantor's counsel describing the extent of Guarantor's discovery requests to date).

Contrast this with the evidence put forward by Landlord.  The declaration of Plaintiff David J. Mallen, submitted in support of Landlord's Motion, details the efforts undertaken by Landlord—including the retention of a broker with extensive experience in the neighborhood.  See ECF No. 24-1 ¶¶ 8, 21-22.  Guarantor attempts to muddy the waters by speculating that the contract with the broker was never executed and by questioning whether Landlord prioritized the Premises with respect to other properties Guarantor suspects Landlord may own in the area, but there is nothing at all in Guarantor's Response or the declaration of its counsel to support these allegations.  See ECF No. 31 at 11-12; ECF No. 32 ¶ 17.  For the avoidance of doubt, Landlord now provides a supplemental declaration from Plaintiff Mallen that provides additional detail regarding the retention of CBRE and attaches a fully executed version of the contract.  See Supplemental Declaration of David J. Mallen in Support of Plaintiffs' Motion for Summary Judgment ¶ 5; id., Exhibit 11.

Discovery is not a fishing expedition, and Guarantor cannot delay summary judgment when there is no genuine dispute as to any material fact.  See Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988); Taylor v. Gallagher, 737 F.2d 134, 137 (1st Cir. 1984).  Guarantor has offered no specific reason to believe that discovery will develop any evidence to dispute the fact that Landlord used commercially reasonable means to find a replacement tenant.  Surely if Guarantor had reason to believe Landlord had failed to meet its obligations in this respect, it could have produced at least

a short affidavit or declaration from some employee of the tenant, or of Guarantor itself, in support of its claim—but it did not.  Guarantor's failure to do so is an admission that it has no basis to believe that the requested discovery will support its position, and the Court is not required to sanction Guarantor's speculation.  See, e.g., Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014) ("Even upon submission of the required materials, the district court is entitled to refuse a Rule 56(d) motion if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery.").

*Second*, the scope of discovery sought by Guarantor—and which it claims is necessary before the Motion can be resolved—makes clear that Guarantor is seeking to delay resolution of this matter.  For example, Guarantor has propounded seventeen document requests, including a request for all agreements between Landlord (including affiliated companies) and any other person or entity regarding the lease of property in the area of Newbury Street.  See ECF No. 32-3.  It also claims that it will need to conduct at least ten depositions, including those of both Plaintiffs, a Rule 30(b)(6) deposition of the Trust, and four employees of affiliated companies—in addition to potential new tenants and the broker hired by Landlord.  See ECF No. 31 at 10-15; ECF No. 32 ¶¶ 17-18.  This discovery will take months to complete, will be substantially duplicative, and is entirely premised on Guarantor's speculation.

*Third*, Guarantor has waived the defenses at issue.  See ECF No. 24 at 10-17.  While Guarantor argues that the explicit waiver in the guarantee does not apply, it admits that it cannot find any case law to support its point.  See ECF No. 31 at 7-8. And Guarantor has no rebuttal to Landlord's argument that Landlord had no obligation to mitigate and, furthermore, that Tenant's actions defeat any defense based on Landlord's failure to so mitigate.  See ECF No. 24 at 12-17.  As discussed above, Guarantor could have provided a declaration from Tenant or itself that

4

disputed any of the relevant facts—but it did not do so because it cannot honestly dispute the facts Landlord put forth in support of its Motion.

In short, Guarantor asks this Court to delay resolution of the Motion for months based on nothing more than unfounded suspicion—either to conduct discovery or to conduct an additional round of briefing on the Motion.  And it does so when time is of the essence: Guarantor has admitted that it is considering insolvency.  See ECF No. 24 at 17-19.  Months of delay could well mean that Landlord cannot recover.  Guarantor has offered nothing to counterbalance this risk, despite having the opportunity to justify its request.  That Guarantor has served discovery does not mean that it needs discovery, or that discovery will do anything to change the outcome of this matter.  Forcing Landlord and third parties to go through the motions will only lead to expense and unjust delay.

For the reasons set forth above, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Summary Judgment without delay.

Dated:  April 30, 2021

THOMAS V. WILDER, as he is TRUSTEE OF THE NEWBURY-284 NOMINEE TRUST, and DAVID J. MALLEN, as he is TRUSTEE OF THE NEWBURY-284 NOMINEE TRUST

By their attorneys,

/s/ Vincent J. Pisegna
Vincent J. Pisegna, BBO No. 400560
Brian R. Richichi, BBO No. 706255
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue, 19th Floor
Boston, MA 02210
Phone: (617) 482-7211
Fax: (617) 482-7212
vpisegna@kb-law.com
brichichi@kb-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 30, 2021.

/s/ Brian R. Richichi
Brian R. Richichi, BBO No. 706255

3749\0001\704649.2